AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| **TRES GENCO** | ) | Case No.    1:20-mj-299 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 12, 2020 _____ in the county of _____ Highland _____ in the _____ Southern _____ District of _____ Ohio _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(o) | Illegal Possession of a Machine Gun |
| Title 26, United States Code, Section 5861(d) | Possession of Unregistered Firearm |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Timur Housum, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    April 16, 2020

_____
Karen L. Litkovitz
**United States Magistrate Judge**

City and state:           Cincinnati, OH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | AFFIDAVIT IN SUPPORT OF |
| | : | CRIMINAL COMPLAINT |
| v. | : | |
| | : | Violations of 18 U.S.C. § 922(o), |
| TRES GENCO, | : | 26 U.S.C. § 5861(d) |
| | : | |
| Defendant. | : | |

TIMUR J. HOUSUM, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and states as follows:

1.      I have been employed with ATF since July of 2015. As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center, Criminal Investigator School, located in Glynco, Georgia. I graduated from the ATF Special Agent Basic Training Academy, located in Glynco, Georgia, in February of 2016. I am currently assigned to a Violent Offender Crime Task Force that investigates criminal organizations in the Southern Judicial District of Ohio.  Prior to my employment with ATF, I was an Officer with the Uniformed Division of the United States Secret Service and was employed in this position from February of 2011 through July of 2015 where I received additional training. I have been involved in numerous investigations of federal firearms and narcotic violations.

2.      I have participated in the investigation of this matter, and I am familiar with the information contained in this Complain based on my own personal participation in the investigation, my review of documents, conversations I have had with other law enforcement officers about his matter, my training and experience, and numerous discussions I have had with other law enforcement personnel about firearms offenses.  Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not included the details of every aspect of the investigation.  Where actions, conversations, and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

THE INVESTIGATION

3.      I have communicated with law enforcement officers with the Highland County Sheriff's Office ("HCSO"), as well as reviewed documents prepared by HCSO officers, and from those communications and documents, I have learned, among other things, the following:

a.      On or about March 12, 2020, at approximately 4:05 PM, HCSO received a telephone call from an individual ("Individual-1") located at an address in Highland County, Ohio (the "Address").

b.      Individual-1 stated, in substance and in part, that (1) TRES GENCO, the defendant, lived at the Address; (2) GENCO had locked himself in his bedroom with a gun; (3) GENCO had threatened Individual-1; and (4) Individual-1 heard GENCO cock a gun.

c.      In response to the telephone call, on or about March 12, 2020, at approximately 4:16 PM, HCSO officers went to the Address. After establishing tactical positions at the outside of the Address, HCSO officers made contact with Individual-1 and directed Individual-1 to exit the Address.

d.      Individual-1 exited the Address and joined the HCSO officers. Individual-1 stated, in substance and in part, that GENCO had a rifle, and that GENCO had become erratic and somewhat violent over the past several months. At HCSO officers' direction, Individual-1 called GENCO and instructed him to exit the Address with his hands in plain view.

e.      In response to the call, GENCO exited the Address and HCSO officers took him into custody.

f.      An HCSO officer asked GENCO about the firearm referenced in the dispatch call. GENCO stated, in substance and in part, that the only firearm he had was a rifle located in his vehicle. GENCO gave HCSO officers permission to open his vehicle, which was parked in the driveway, and directed the officers to the trunk. HCSO officers opened the trunk, pulled up a fabric cover, and located the following items: (1) an AR-15-style rifle with suspected "bump-stock" attached (the "Rifle"); (2) several loaded magazines; (3) body armor; and (4) boxes of ammunition.

g.      The Rifle was later identified as a Palmetto State Armory, model PA-15, 5.56x45mm caliber firearm, serial number SCD040266, equipped with a Slidefire, bump stock that bore no serial number.

h.      Individual-1 further told HCSO officers, in substance and in part, that (1) in the past, Individual-1 had found writings by GENCO which Individual-1 believed indicated that GENCO was planning to hurt someone; and (2) GENCO had a handgun that Individual-1 found a few days prior.

i.      An HCSO officer then approached GENCO and read him his rights. GENCO stated, in substance and in part: (1) GENCO understood his rights; (2) GENCO denied having a handgun; and (3) GENCO gave HCSO officers permission to search his bedroom in the Address.

j.      HCSO officers conducted a search of GENCO's bedroom at the Address to find any handgun. The officers observed, among other things, a handwritten document that Individual-1 identified as the writings Individual-1 had referenced earlier (the "Document"). The officers recovered a handgun, discovered in a heating vent (the "Handgun").

k.    The Handgun was later identified as a Glock-type, 9mm Luger caliber semiautomatic pistol, with no manufacturer's marks or serial number.

l.    Upon learning HCSO officers had found the Handgun, GENCO requested an attorney.

m.    HCSO officers sought and obtained a search warrant for the Address. The officers recovered, among other things, the Document. The Document referenced, in substance and in part, OSU; May 23, 2020; using a mil-spec M16 or converted AR-15; "3,000? Aim big then"; and weapons training in Army basic training in Georgia.

4.    On or about March 18, 2020, I shipped the Rifle and the Handgun to the ATF Firearms Technology Criminal Branch ("FTCB") for analysis. A Firearms Enforcement Officer confirmed that the Rifle and the Handgun functioned as machineguns, and that the Rifle had traveled in interstate commerce.

5.    On or about April 6, 2020, I searched the National Firearms Registration and Transfer Record, the central registry of all restricted weapons, including machineguns. My search of TRES GENCO, the defendant's, name, using both his birthdate and Social Security Number, showed nothing registered to him.

6.    Based on the aforementioned facts, I respectfully submit that there is probable cause to believe that, on or about March 12, 2020, in the Southern District of Ohio, TRES GENCO, the defendant, possessed a Glock-type, 9mm Luger caliber semiautomatic pistol, with no manufacturer's marks or serial number, and a Palmetto State Armory, model PA-15, 5.56x45mm caliber firearm, serial number SCD040266, equipped with a Slidefire, bump stock that bore no serial number, which have both been identified as machine guns and are not registered in the National Firearms Registration and Transfer Record, in violation of 18 U.S.C. § 922(o) and 26 U.S.C. § 5861(d).

TIMUR J. HOUSUM
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
16th day of April 2020

Karen L. Litkovitz
United States Magistrate Judge

## ATTACHMENT A

### COUNT ONE
(Illegal Possession of a Machine Gun)

On or about March 12, 2020, in the Southern District of Ohio and elsewhere, TRES GENCO, the defendant, did knowingly possess a machine gun, that is, a Glock-type, 9mm Luger caliber semiautomatic pistol, with no manufacturer's marks or serial number, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

(Title 18, United States Code, Section 922(o).)

### COUNT TWO
(Illegal Possession of a Machine Gun)

On or about March 12, 2020, in the Southern District of Ohio and elsewhere, TRES GENCO, the defendant, did knowingly possess a machine gun, that is, a Palmetto State Armory, model PA-15, 5.56x45mm caliber firearm, serial number SCD040266, equipped with a Slidefire, bump stock that bore no serial number, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

(Title 18, United States Code, Section 922(o).)

### COUNT THREE
(Possession of Unregistered Firearm)

On or about March 12, 2020, in the Southern District of Ohio and elsewhere, TRES GENCO, the defendant, knowingly received and possessed a firearm, that is, a Glock-type, 9mm Luger caliber semiautomatic pistol, with no manufacturer's marks or serial number, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

(Title 26, United States Code, Section 5861(d).)

### COUNT FOUR
(Possession of Unregistered Firearm)

On or about March 12, 2020, in the Southern District of Ohio and elsewhere, TRES GENCO, the defendant, knowingly received and possessed a firearm, a Palmetto State Armory, model PA-15, 5.56x45mm caliber firearm, serial number SCD040266, equipped with a Slidefire, bump stock that bore no serial number, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

(Title 26, United States Code, Section 5861(d).)