# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:21CR085 |
| TRES GENCO, | : | Judge Dlott |
| Defendant. | : | |

## MOTION TO SUPPRESS EVIDENCE FROM WARRANTLESS SEARCH OF RESIDENCE ON MARCH 12, 2020

Now comes the Defendant, TRES GENCO, by and through counsel, and hereby moves the Court to suppress any and all evidence obtained from the warrantless search of the residence of Mr. Genco on or about March 12, 2020 based on the violation of his Fourth Amendment rights. The grounds for this motion are contained in the attached memorandum in support.

    Respectfully submitted,

    DEBORAH WILLIAMS
    FEDERAL PUBLIC DEFENDER

    *s/ Richard Monahan*
    Richard Monahan (0065648)
    First Assistant Federal Public Defender
    250 E. 5th Street, Suite 350
    Cincinnati, Ohio 45202
    (513) 929-4834

    Attorney for Defendant
    Tres Genco

**Memorandum in Support**

On March 12, 2020, Mr. Genco granted consent for officers to look in his room for a handgun that he reportedly possessed. During the ensuing search, officers rummaged through Mr. Genco's possessions and read a number of papers he had written. These papers later became the subject of a search warrant for the residence. The general search of Mr. Genco's private papers was beyond the limited scope of consent provided by Mr. Genco and accordingly violated his Fourth Amendment rights. As such, the papers obtained during the improper search should be suppressed and the evidence of such stricken from the subsequently obtained search warrant. Further, any other evidence seized from the residence beyond the handgun and ammunition should likewise be suppressed.

I. Facts

On March 12, 2020, Mr. Genco's mother contacted the Hillsboro, Ohio police because of concerns she had about Mr. Genco's behavior. Upon police arrival, Mr. Genco was summoned from his room by the officers and asked about firearms that his mother was reporting he had possessed. Mr. Genco consented to a search of his vehicle, which yielded a rifle and ammunition. Officers further asked Mr. Genco about his possession of a handgun, as indicated by his mother. Mr. Genco allegedly denied possessing a handgun, but allowed the officers to look in his room for the handgun.

Several officers went to Mr. Genco's room and did in fact locate a handgun. During the course of the search, officers located and read personal paperwork of Mr. Genco that was kept in the privacy of his room. The officers believed that the private paperwork was indicative of Mr. Genco's intent to commit violence. The officers contacted the FBI and ATF, both of whom advised that they would not pursue a case, but rather would place Mr. Genco on a watch list.

Nonetheless, the Hillsboro authorities arrested Mr. Genco and utilized this private paperwork as the basis to obtain a search warrant for the residence. Mr. Genco now requests that this Court suppress the personal papers seized from Mr. Genco's room.

## II. Argument

In this case, Mr. Genco allowed officers to look in his room for a handgun. The scope of his consent was limited to a search for this gun. Because the officers exceeded the authorized consent in searching through Mr. Genco's private papers, the evidence obtained must be suppressed.

Generally, a search warrant is required to search a residence. <u>Mincey v. Arizona</u>, 434 U.S. 1423 (1977); <u>Stoner v. California</u>, 376 U.S. 483 (1964); <u>Coolidge v. New Hampshire</u>, 403 U.S. 442 (1971); <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218 (1973). The absence of a warrant places the burden of proving an exception to the warrant requirement on the government. <u>United States v. Oliver</u>, 686 F.2d 356, 371 (6th Cir. 1982); <u>United States v. Jetters</u>, 432 U.S. 48, 51 (1951). Thus, in the present case, it is the government's burden to establish a valid exception to the warrant requirement.

Admittedly, the police reports in this case indicate that Mr. Genco provided consent to a limited search of his room. Specifically, the officers inquired about a handgun and requested permission to search Mr. Genco's room for the firearm. Mr. Genco allowed the officers to look in his room for the gun. Under these circumstances, however, the search of Mr. Genco's private papers was improper.

Sixth Circuit and Supreme Court law mandate that officers are limited in their ability to search a home by the scope of the consent provided by the defendant: "'When law enforcement officers rely upon consent as the basis for a warrantless search, the scope of the consent given

determines the permissible scope of the search.'" United States v. Henry, 429 F.3d 603, 616 (6th Cir. 2005) (quoting United States v. Garrido-Santana, 360 F.3d 565, 575 (6th Cir.), cert. denied, 542 U.S. 945 (2004)). "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Florida v. Jimeno, 500 U.S. 248, 251 (1991). "The scope of a search is generally defined by its expressed object." Id. When officers act beyond the scope of permissible consent in conducting a search, the seized evidence must be suppressed. United States v. Henry, 429 F.3d 603, 616-17 (6th Cir. 2005).

Thus, in the present case, officers acted beyond the scope of the consent provided by Mr. Genco – to look in his room for a firearm – when the officers searched through and read Mr. Genco's private paperwork. As such, the documentary evidence found during this search must be suppressed and stricken from the subsequently obtained search warrant. Any other evidence seized by the officers, beyond the handgun and ammunition, must likewise be suppressed.

Wherefore, Mr. Genco respectfully requests that the Court suppress any and all evidence seized from Mr. Genco during the warrantless search of the residence on March 12, 2020.

                                              Respectfully submitted,

                                              DEBORAH WILLIAMS
                                              FEDERAL PUBLIC DEFENDER

                                              *s/ Richard Monahan*
                                              Richard Monahan (0065648)
                                              First Assistant Federal Public Defender
                                              250 E. 5th Street, Suite 350
                                              Cincinnati, Ohio 45202
                                              (513) 929-4834

                                              Attorney for Defendant
                                              Tres Genco

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served upon Megan Gaffney Painter, Assistant United States Attorney, via Electronic Case Filing, on this day of 25rd day of August, 2021.

*s/ Richard Monahan*