UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:21CR085 |
| TRES GENCO, | : | Judge Dlott |
| Defendant. | : | |

## MOTION TO SUPPRESS EVIDENCE SEIZED IN SEARCH WARRANT FOR RESIDENCE ON MARCH 13, 2020

Now comes the Defendant, TRES GENCO, by and through counsel, and hereby moves the Court to suppress any and all evidence obtained during the execution of the search warrant at the residence of Mr. Genco on or about March 13, 2020, based on the violation of his Fourth Amendment rights. The grounds for this motion are contained in the attached memorandum in support.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Tres Genco

**Memorandum in Support**

On March 13, 2020, Officers executed a search warrant at the home of Mr. Genco and seized a number of items. This search warrant was invalid because it was not supported by probable case and because the address of the property to be searched was not placed on the face of the warrant. As such, all evidence seized from the residence should be suppressed.

## I. Facts

[The Facts from Mr. Genco's Motion to Suppress Evidence from Warrantless Search of Residence on March 12, 2020 are incorporated herein by reference].

On March 12, 2020, Hillsboro police officers arrested Mr. Genco and recovered two firearms and some private papers from his residence. The Hillsboro officers contacted the FBI and ATF about the incident and were advised that, based on the evidence, the federal authorities were not interested in picking up the investigation, but instead would put Mr. Genco on a watch list. Nonetheless, the Hillsboro authorities proceeded to obtain a search warrant for Mr. Genco's residence based on their belief that Mr. Genco had committed the Ohio offense of Making Terroristic Threats. A copy of the search warrant is filed under seal in this case as Defendant's Exhibit 1. During the search, officers seized a number of electronic devices, a vehicle, and other items of personal property. Mr. Genco now moves to suppress the evidence seized during execution of the search warrant.

## II. Argument

The search warrant in this case was not supported by probable cause to believe that the crime listed in the search warrant (Making Terroristic Threats) had been committed. Further, the search warrant failed the particularity requirement of the Fourth Amendment by omitting the

address of the property to be searched on the face of the warrant. Accordingly, all evidence seized during the execution of the warrant must be suppressed.

**1. The search warrant was not supported by probable cause**

The search warrant in this case was not supported by probable cause for two reasons. First, the officers did not have probable cause to believe that the crime of Making Terroristic Threats had been committed and that evidence of such crime would be found in the residence. Second, officers used unlawfully seized evidence in obtaining the search warrant. When this evidence is excised from the affidavit, the warrant is clearly lacking in probable cause. Each issue is addressed in turn below.

**A. No probable cause to support alleged crime of Making Terroristic Threats**

The core of the Ohio offense of Making Terroristic Threats is that the defendant made a threat to someone. As such, the defendant must have actually communicated a threat to his target. In this case, no threat was made to anyone. Rather, officers found personal notes that Mr. Genco had kept in the privacy of his bedroom. Mr. Genco did not communicate these private writings to anyone. Because the search warrant affidavit was entirely lacking in any evidence that Mr. Genco made a terroristic threat to another person, there could not have possibly been probable cause to support a warrant. A detailed analysis of this issue follows.

The search warrant states at page 1 that Mr. Genco had committed the crime of Making Terrorist Threats, in violation of Ohio law, O.R.C. § 2909.23. This statute provides as follows:

> (A) No person shall threaten to commit or threaten to cause to be committed a specified offense when both of the following apply:
>
> (1) The person makes the threat with purpose to do any of the following:
>
> (a) Intimidate or coerce a civilian population;
>
> (b) Influence the policy of any government by intimidation or coercion;

3

      (c) Affect the conduct of any government by the threat or by the specified offense.

(2) As a result of the threat, the person causes a reasonable expectation or fear of the imminent commission of the specified offense.

O.R.C. § 2909.23.

This statute requires that the defendant made a "threat," meaning that he communicated an "intent to inflict harm or loss on another." Ohio v. Klingel, 88 N.E. 3d 455, 459 (9th App. Dist. 2017). Further, the "threat" must have been "uttered . . . for the purpose of . . . intimidating or coercing a civilian population or affecting the conduct of any government." Id. at 461 (citing Ohio v. Baughman, 2012 WL 5834161, at ¶ 26 (6th App. Dist.2012)).

A critical flaw in the search warrant is that there is absolutely no evidence contained in the affidavit to establish that Mr. Genco communicated any threat to harm anyone that was intended to intimidate a civilian population. Rather, officers found several pieces of paper kept in the privacy of Mr. Genco's room. Private writings that are never communicated as a threat could not conceivably violate this statute.

In ascertaining whether probable cause supports a search warrant, the court may consider only the "four corners of the affidavit." United States v. Frazier, 423 F.3d 526, 531 (6th Cir. 2005) (citing Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 565 n. 8 (1971)). The determination of probable cause is based upon the totality of the circumstances conveyed in the warrant. Illinois v. Gates, 462 U.S. 213 (1983).

As important to this case, the probable cause formulation requires the government to establish a substantial chance that a person has committed a crime and a connection that evidence of that crime will be found at a residence. U.S. v. Tagg, 886 F.3d 579, 587 (6th Cir. 2018)(citing United States v. Savoca, 761 F.2d 292, 297 (6th Cir. 1985)). As such, probable cause exists when

the facts available would cause a reasonable police officer to believe that the defendant has committed a crime and evidence or contraband of that crime will be present.  Florida v. Harris, 568 U.S. 237, 243 (2013).  Admittedly, probable cause "'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'"  Tagg, 886 F.3d at 585 (quoting District of Columbia v. Wesby, 138 S.Ct. 577, 586 (2018)).

      The search warrant states that Mr. Genco had committed the crime of Making Terrorist Threats (Def. Ex. 1, Search Warrant, p. 1).  However, the affidavit clearly does not establish probable cause to support this conclusion.  At most, Mr. Genco was in possession of a rifle and handgun, and had a few written pages kept in the privacy of his room.  There was absolutely no suggestion in the affidavit that Mr. Genco made a threat to anyone, much less a threat "uttered for the purpose intimidating or coercing a civilian population or affecting the conduct of any government."  Under the above cited case law, there must be at least a "substantial chance" that the suspect has committed the crime listed in the warrant.  Private personal writings and possession of two guns does not even come close to threatening a civilian population.

      It is understandable that the officers had concerns.  But on the other hand, the First Amendment protects individuals' rights to express their own personal thoughts and beliefs in the privacy of their own homes, without police interference.  The line would only have been crossed in this case if the police had **any evidence** that Mr. Genco made terroristic threats to others intending to intimidate the civilian population.  The affidavit is entirely lacking in any such suggestion, and accordingly it is not supported by probable cause.  Thus, the evidence seized in the execution of the search warrant should be suppressed.

### B. Unlawfully seized evidence must be stricken from the affidavit

As argued in Mr. Genco's Motion to Suppress Evidence from Warrantless Search of Residence on March 12, 2020, the officers unlawfully read and seized items from Mr. Genco's private papers in his room without consent or a warrant. These papers were used in the search warrant to attempt to justify probable cause for the warrant. The reference to these unlawfully seized papers should be stricken from the search warrant affidavit, resulting in the warrant being insufficient on its face.

The Supreme Court has long held that the "fruit of the poisonous tree" doctrine bars the use of "derivative evidence . . . that is the product of the primary [illegally obtained] evidence." Murray v. United States, 487 U.S. 533, 536–37 (1988). As such, illegally seized evidence may not be used as the basis for probable cause in a subsequently obtained search warrant. United States v. Jenkins, 396 F.3d 751, 758 (6th Cir. 2005).

In the present case, the private writings of Mr. Genco were unlawfully seized by the officers when they searched his room on March 12. As such, they cannot be used to support probable cause in the subsequently obtained search warrant. Accordingly, the search warrant was invalid and evidence obtained in its execution must be suppressed.

**2. The search warrant failed to list the address to be searched**

In Groh v. Ramirez, 540 U.S. 551 (2004), the Supreme Court established a bright line rule that the face of a search warrant must contain a description of the property to be searched and the items to be seized. Providing this information in the affidavit is insufficient. Rather, it must be included on the face of the warrant itself. This is based directly on the particularity requirement of the Fourth Amendment. Failure to adhere to this requirement invalidates the warrant, and it may not be saved by good faith. Id. at 563-65.

The search warrant in this case entirely failed **on its face** to provide an address of the property to be searched, or even a description or general location. Providing such information only in the sealed search warrant affidavit was plainly insufficient. As such, the search warrant is invalid and the evidence seized must be suppressed.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

s/ Richard Monahan
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Tres Genco

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Megan Gaffney Painter, Assistant United States Attorney, via Electronic Case Filing, on this day of 25rd day of August, 2021.

s/ Richard Monahan