UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:21CR085 |
| TRES GENCO, | : | Judge Dlott |
| Defendant. | : | |

## MOTION FOR BILL OF PARTICULARS AND REQUEST TO EXTEND MOTION DEADLINE

Now comes the Defendant, TRES GENCO, by and through counsel, and, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, hereby moves the Court to order the production of a bill of particulars in this matter and to extend the motion deadline. The grounds for this request are contained in the attached memorandum in support.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Tres Genco

**Memorandum in Support**

The decision whether to grant a bill of particulars is left to the sound discretion of the trial court. Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Kendall, 665 F.2d 126, 134 (6th Cir. 1981), cert. denied, 455 U.S. 1021 (1982). In deciding whether to order a bill of particulars, a district court should consider the following: (1) ensuring that a defendant understands the nature of the charges so that the defendant can adequately prepare for trial; (2) avoiding or minimizing the danger of unfair surprise at trial; and (3) enabling the defendant to plead double jeopardy if the defendant is later charged with the same offense when the indictment itself is too indefinite for such purposes. United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). See also United States v. Chalhoub, 946 F.3d 897, 903 (6th Cir. 2020)(bill of particulars appropriate to require disclosure of witness information).

As relevant to the present motion, on July 20, 2021, the government obtained an indictment against Mr. Genco for one count of an attempted hate crime, in violation of 18 U.S.C. § 249. The count charged broadly that Mr. Genco committed an "attempt" to "willfully cause bodily injury to women" over a 14 month time period from January 2019 to March 12, 2020.

Unlike the typical attempted assault charge where it is averred that the defendant actually tried to harm someone, the government described in the indictment a long series of incidents including acts such as joining the military and traveling to basic training, online internet searches, and private journal writings. What is lacking in the indictment is any direct claim that Mr. Genco actually attempted to cause bodily injury to anyone. Instead, the government alleges that an "attempt" somehow occurred in a continuing fashion over a 14 month period.

The Supreme Court has held that a crime is presumed to not be prosecutable as a continuing offense "unless the explicit language of the substantive criminal statute compels such a conclusion or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Toussie v. United States, 397 U.S. 112, 115 (1970). See also United States v. Del Percio, 870 F.2d 1090, 1095 (6th Cir. 1989). There is nothing about the hate crime statute that suggests that Congress intended it to be a continuing offense. Rather, the statutory language of § 249 – "attempts to cause bodily injury" – suggests exactly to the contrary. There is no case law that supports the notion that § 249 is a continuing offense.

Thus, given the broad nature of the indictment in this case, Mr. Genco requests that the government be required to identify in a bill of particulars the act(s) that it alleges constituted an attempt to cause bodily injury to women. This is necessary for several reasons. First, it avoids a double jeopardy problem in the future. Second, it allows Mr. Genco to adequately prepare his defense and avoid unfair surprise. Depending on the date(s) the government alleges that Mr. Genco attempted to cause bodily injury, Mr. Genco may be able to raise alibi (Fed. R. Crim. P. 12.1) or other defenses that would have to be pled pretrial. Third, to establish federal jurisdiction, the government is required to prove under § 249 that the "attempt" occurred during the course of commerce or that it otherwise affected commerce. Mr. Genco is entitled to know specifically what conduct the government alleges constitutes an "attempt" in order to effectively challenge this element of the statute, either in pretrial motion practice or at trial.

In sum, a bill of particulars is necessary in this case to permit Mr. Genco to understand the nature of the attempt charge in this case so that he may file appropriate pretrial motions and notices, and adequately prepare for trial. Further, it minimizes the danger of unfair surprise. Wherefore, a bill of particulars is appropriate in this case.

Additionally, Mr. Genco requests that the Court extend the motion deadline until after the filing of the bill of particulars in this matter to afford Mr. Genco adequate time thereafter to prepare and file any additional necessary pretrial motions or notices.

Wherefore, Mr. Genco respectfully requests that the Court order the production of a bill of particulars and extend the motion deadline as requested.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Tres Genco

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Megan Gaffney Painter, Assistant United States Attorney, via Electronic Case Filing, on this day of 25rd day of August, 2021.

*s/ Richard Monahan*