UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:21CR085 |
| TRES GENCO, | : | Judge Dlott |
| Defendant. | : | |

## MOTION TO DISMISS COUNT 2 OF THE INDICTMENT

Now comes the Defendant, TRES GENCO, by and through counsel, and hereby moves the Court to dismiss count 2 of the indictment, which charges unlawful possession of a machinegun. The grounds for this motion are contained in the attached memorandum in support.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Tres Genco

**Memorandum in Support**

Count 2 of the indictment charges that Mr. Genco possessed a Glock handgun that was modified to be "machinegun." This Glock handgun is not a "machinegun" as a matter of law, and the charge should be dismissed. Further, the federal government does not have Commerce Clause jurisdiction to prosecute possession of machine guns and the charge should accordingly be dismissed. Each issue is addressed in turn below.

**1. The Glock handgun is not a machine gun as a matter of law**

Possession of a machinegun is prescribed at 18 U.S.C. § 922(o). The term "machinegun" is defined in 26 U.S.C. § 5845(b) as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."

As relevant to this motion, the Supreme Court and Sixth Circuit have defined the term "automatically" in § 5845(b) as follows: "the terms "automatic" and "fully automatic" refer to a weapon that fires repeatedly with a single pull of the trigger. That is, once its trigger is depressed, the weapon will **automatically continue to fire until its trigger is released or the ammunition is exhausted**. Such weapons are "machineguns" within the meaning of the Act." Staples v. United States, 511 U.S. 600, 602 n.1 (1994); Gun Owners of America, Inc. v. Garland, 992 F.3d 446, 472 (6th Cir. 2021)(emphasis added).

In the present case, the Glock handgun charged in court 2 does not meet this legal definition as a matter of law. As can been seen from the attached ATF report (Def. Exhibit 2, under seal), the Glock firearm would not fire more than 2 shots by the single pull of a trigger, and clearly would not "automatically continue to fire until its trigger is released or the ammunition is exhausted." (Ex. 2, p.3). This evidence is undisputed.

As such, the Glock charged in count 2 is not "automatic" as defined in the statute and relevant case law. Thus, the Glock cannot be considered a "machinegun" as a matter of law. Accordingly, count 2 of the indictment should be dismissed.

**2. The government cannot exercise Commerce Clause jurisdiction over the machineguns**

Mr. Genco makes this argument to preserve this issue for further review. Admittedly, the Sixth Circuit has held in a published decision that Commerce Clause jurisdiction does extend to mere possession of machineguns. United States v. Beuckelaere, 91 F.3d 781 (1996). Judge Suhrheinrich dissented from the panel decision in Beuckelaere and held that the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995) dictated that the machinegun statute violated the Commerce Clause. The Supreme Court has not directly decided the issue.

Mr. Genco submits that 18 U.S.C. § 922(o) is an unconstitutional exercise of Congressional authority under the Commerce Clause. See, e.g., United States v. Lopez, 514 U.S. 549 (1995)(striking down statute prohibiting the possession of firearms in a school zone under the Commerce Clause); United States v. Morrison, 529 U.S. 598 (2000)(finding violation of Commerce Clause with the enactment of the Violence Against Women Act of 1994); Jones v. United States, 529 U.S. 848 (2000)(declining to apply federal arson statute to arson of a private residence). See, also, United States v. Doggart, 947 F.3d 879 (6th Cir. 2020)(Sutton, J.)(warning that the arson statute as interpreted by the government threatened to "transform virtually every arson in the country into a federal offense"). Moreover, Mr. Genco argues that § 922(o) is unconstitutional as applied to the facts of this case where there is no evidence that the firearm travelled in interstate commerce once it had been converted to a "machinegun." See Beuckelaere, 91 F.3d at 784 (regulation of machineguns under the Commerce Clause assumes that an illegal transfer of a machinegun has occurred).

3

Understanding that the Sixth Circuit has precluded a constitutional challenge to § 922(o) both on its face and as applied to purely intrastate possession, Mr. Genco raises this argument to preserve the issue for further review.

## 3. Conclusion

Based on the foregoing, Mr. Genco respectfully submits that count 2 of the indictment in this matter should be dismissed.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Tres Genco

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Megan Gaffney Painter, Assistant United States Attorney, via Electronic Case Filing, on this day of 25th day of August, 2021.

*s/ Richard Monahan*