# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:21CR085 |
| TRES GENCO, | : | Judge Dlott |
| Defendant. | : | |

## MOTION TO DISMISS COUNT 1 OF THE INDICTMENT BASED ON IMPROPER VENUE

Now comes the Defendant, TRES GENCO, by and through counsel, and, pursuant to Rule 18 of the Federal Rules of Criminal Procedure, hereby moves the Court to dismiss count 1 of the indictment in this matter based on improper venue. The grounds for this request are contained in the attached memorandum in support.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Tres Genco

**Memorandum in Support**

On Friday, October 1, 2021, the government provided discovery to the defense to establish that Mr. Genco conducted surveillance at Mt. Union University in Alliance, Ohio on January 15, 2021 between the hours of 11:41 a.m. and 12:44 p.m.. This evidence relates to paragraph 13 of the indictment which avers that "On or about January 15, 2020, Genco conducted surveillance in the location of a university in Ohio." Because Alliance, Ohio is in the Northern District of Ohio, Mr. Genco submits that venue is not proper in the Southern District of Ohio. Accordingly, count 1 of the indictment should be dismissed.

Federal Rule of Criminal Procedure 18 requires that the government "prosecute an offense in a district where the offense was committed." United States v. Kuehne, 547 F.3d 667 (6th Cir. 2008). This Rule derives from Article III, § 2, cl. 3 of the Constitution and the Sixth Amendment, which require that a crime be tried in the district where it is committed. United States v. Cabrales, 524 U.S. 1, 6 (1998). The government must prove venue by a preponderance of the evidence. United States v. Petlechkov, 922 F.3d 762, 769 (6th Cir. 2019)(citing United States v. Beddow, 957 F.2d 1330, 1335 (6th Cir. 1992)). Where the government cannot properly establish venue in a judicial district, the count must be dismissed. Petlechkov, 992 F.3d at 770-71 (dismissing mail fraud indictment).

The offense in this case is "attempt." Specifically, count 1 of the indictment charged that Mr. Genco committed an "attempt" to "willfully cause bodily injury to women." An "attempt," however, requires that the defendant committed an "overt act which constitute[s] a substantial step towards the commission of the substantive offense." United States v. Williams, 704 F.2d 315, 321 (6th Cir. 1983). As explained in detail in Mr. Genco's Motion for Bill of Particulars (R. 27),

attempt is not a continuing crime. See e.g., Toussie v. United States, 397 U.S. 112, 115 (1970); United States v. Del Percio, 870 F.2d 1090, 1095 (6th Cir. 1989).

Given that an attempt offense is not continuing, the defense invited the government to provide specificity as to what actually constituted an "attempt" in this case because the indictment merely contained a long series of incidents including acts such as joining the military and traveling to basic training, online internet searches, and private journal writings. To date, the government has declined to do so. As such, the defense is left to speculate what conduct the government believes constituted an "attempt." The only paragraph in the indictment that arguably meets the Sixth Circuit standard of "an overt act that constituted a substantial step" is paragraph 13 (conducting surveillance at an Ohio university). Now that the government has produced its evidence that this surveillance occurred at Mt. Union University in Alliance, Ohio, it is apparent that venue does not lie in the Southern District of Ohio.

As related to venue, the Supreme Court has held that where an offense is not continuing, the proper venue is determined only by the conduct constituting the offense, not "anterior" conduct that preceded its commission. United States v. Cabrales, 524 U.S. 1, 7 (1998). See also United States v. Mikell, 163 F.Supp.2d 720, 738 (E.D. Mich. 2001)(anterior criminal conduct not relevant to venue determination). Under this standard, venue for the present case is proper only in the Northern District of Ohio. As such, count 1 of the indictment should be dismissed.

Wherefore, Mr. Genco respectfully requests that the Court dismiss count 1 of the indictment in this matter based on improper venue.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Tres Genco

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served upon Megan Gaffney Painter, Assistant United States Attorney, via Electronic Case Filing, on this day of 6th day of October, 2021.

*s/ Richard Monahan*