## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:21CR085 |
| TRES GENCO, | : | Judge Dlott |
| Defendant. | : | |

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT ONE BASED ON COMMERCE CLAUSE**

The government's interpretation of the law of attempt creates a very slippery slope. The government has argued that, because an attempt to commit an offense requires proof of specific intent, any expression of intent by a defendant may satisfy the commerce requirements of federal statutes. Taken to its logical conclusion, this brand of expansive federal prosecution creates absurd results.

Take for example a prosecution of a defendant for attempt to possess a firearm by a convicted felon, under 18 U.S.C. § 922(g). This statute ordinarily requires that the possession offense be "in or affecting commerce" in order to trigger federal jurisdiction. With the government's innovative approach in Mr. Genco's case, however, statements of the defendant's intent could be used to establish federal jurisdiction if they were "in commerce." Thus, if a defendant wrote a text to a friend saying, "I am thinking of possessing a firearm even though I am a convicted felon," the government could seize on this "use of a means of commerce" to establish federal jurisdiction over the crime, assuming the defendant (even at some distant point in the future) committed an overt act.

As such, any attempted offense can become federal if the defendant expressed some intent to commit the crime through interstate means. Attempted purse snatching becomes an Attempted Hobbs Act Robbery; attempting to steal $20 from a family member's wallet by deception becomes Attempted Wire Fraud. All because the law of attempt requires the government to prove specific intent, and that "intent" was expressed on a cell phone when the defendant texted his friend, "Hey, I am thinking of snagging $20 from my mom's purse."

The present case is no different. Mr. Genco committed no actual attempt to kill women in interstate commerce. But once the government interjects its interpretation of the laws of attempt, now thoughts Mr. Genco wrote in a message, anything he searched on Google, any time he got in a car, it is all expression of "intent" which is part of the "offense." This expansive interpretation of attempt laws flies in the face of cases such as United States v. Lopez, 514 U.S. 549 (1995), United States v. Morrison, 529 U.S. 598 (2000), Jones v. United States, 529 U.S. 848, 857-58 (2000), Bond v. United States, 572 U.S. 844 (2014), and United States v. Doggart, 947 F.3d 879 (6th Cir. 2020). Federal Commerce Clause jurisprudence requires that the actual crime impact commerce, not every inchoate expression of intent. The Sixth Circuit emphasized the danger of expansive construction of attempt laws in United States v. Wesley, 417 F.3d 612, 618 (6th Cir. 2005) when it warned against convicting defendants in federal cases for "mere thoughts, desires, or motives." As such, the government's interpretation of the reach of federal Commerce Clause power cannot stand.

In sum, based on the foregoing and the reasons articulated in Mr. Genco's Motion to Dismiss, the Hate Crimes statute, 18 U.S.C. § 249(a)(2), is invalid as applied to the indictment in the present case for "attempting to kill women." Accordingly, count 1 of the indictment should be dismissed.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Tres Genco

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Megan Gaffney Painter, Assistant United States Attorney, via Electronic Case Filing, on this day of 24th day of November, 2021.

*s/ Richard Monahan*