IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:21-cr-85 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **ENDS OF JUSTICE ORDER/** |
| TRES GENCO, | : | **SUPPLEMENTAL BRIEFING** |
| | : | **SCHEDULE** |
| Defendant. | : | |

This matter is before the Court on six motions filed by Defendant Tres Genco: (1) Motion to Suppress Evidence from Warrantless Search of Residence on March 12, 2020 (Doc. 25); (2) Motion to Suppress Evidence Seized in Search Warrant for Residence on March 13, 2020 (Doc. 26); (3) Motion for a Bill of Particulars and to Request to Extend Motion Deadline (Doc. 27); (4) Motion to Dismiss Count 2 of the Indictment (Doc. 28); (5) Motion to Dismiss Count 1 of the Indictment Based on Improper Venue (Doc. 34); and (6) Motion to Dismiss Count 1 of the Indictment Based on Commerce Clause (Doc. 38). The Government opposes all motions.

Defendant's motions raise complex and novel questions of law and fact, including whether the gun Genco is charged with possessing in violation of 18 U.S.C. § 922(o) is a machine gun as a matter of law and whether the Hate Crimes Act, 18 U.S.C. § 249(a)(2)(B), is a proper exercise of Congress's Commerce Clause power and is constitutional as applied in this case. In addition, since the parties submitted their final briefs, an evenly-divided en banc court affirmed a district court's judgment denying preliminary injunction to stop the Final Rule issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in which the ATF clarified that bump-stock-type devices are "machineguns" under the National Firearms Act of

1934 and the Gun Control Act of 1968. *Gun Owners of Am., Inc. v. Garland*, No. 19-1298, --- F.4th ---, 2021 WL 5755300 (6th Cir. Dec. 3, 2021) (en banc); *see Gun Owners of Am., Inc. v. Barr*, 363 F. Supp. 3d 823, 826 (W.D. Mich. 2019). As both parties cited the *Gun Owners* case prior to the en banc decision, the Court requests the parties brief the application of the recent ruling to the question of whether the gun Defendant possessed was a "machinegun" as a matter of law. The parties' briefs shall be no longer than five pages and must be submitted by **January 7, 2022.** The Court will take the new submissions under advisement and issue an Order within thirty days of the submission due date, by February 6, 2022.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a period of delay resulting from a continuance granted by any judge on her own motion is excludable from the speedy trial clock if the court finds that "the ends of justice served by [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to "[w]hether the failure to grant such a continuance [. . .] would [. . .] result in a miscarriage of justice" and whether "the case is so unusual or so complex, due to [. . . ] the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(i)–(ii).

The six pending motions render this case so unusual or complex due to the existence of novel questions or law or fact, as referenced above.  The Court also finds supplemental briefing is necessary due to the recent Sixth Circuit ruling.  As such, the Court finds that it would result in a miscarriage of justice if additional time were not devoted to supplemental briefing and consideration of those briefs as well as to the novel questions of law and fact raised in Defendant's other motions.  Further, neither Defendant nor the Government objects to a continuance.  Accordingly, the Court finds the ends of justice are served by tolling the Speedy Trial clock to allow supplemental briefing and full and complete consideration of the novel questions before the Court.  The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii), that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant to a speedy trial.

Accordingly, the parties are directed to file supplemental briefs by **January 7, 2022**.  The Court will take the new submissions under advisement and issue a decision by **February 6, 2022**.  The Speedy Trial clock is tolled from **December 16, 2021 until February 6, 2022**.  The days from December 16, 2021 until February 6, 2022 shall be excluded from the speedy trial calculation.

**IT IS SO ORDERED.**

                                                        S/Susan J. Dlott
                                                        Judge Susan J. Dlott
                                                        United States District Court