UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:21-CR-85 |
| | : | |
| | : | JUDGE SUSAN J. DLOTT |
| v. | : | |
| | : | |
| | : | GOVERNMENT'S SUPPLEMENTAL |
| TRES GENCO, | : | BRIEF ON *EN BANC* DECISION |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

The United States respectfully submits the supplemental brief at the Court's request to address the Sixth Circuit's *en banc* decision in *Gun Owners of America, Inc.* v. *Garland*, 19 F.4th 890 (6th Cir. 2021) (*en banc*). That decision does not change the Government's position that the Court should deny the defendant's motion to dismiss Count Two.

There are two firearms at issue in this case – one a 5.56x45mm caliber semi-automatic rifle rendered automatic with the attachment of a bump stock (found in the defendant's car) and the other a 9mm Luger caliber firearm assembled from a Polymer80 brand pistol kit (found in the heating vent in the defendant's bedroom). The rifle with the bump stock is, as of yet, uncharged here. The 9mm Luger caliber firearm forms the basis of Count Two. Before the issuance of the *en banc* decision, the defendant filed a motion to dismiss Count Two of the Indictment, arguing that the firearm was not a machinegun because it fired two shots with one function of the trigger. In his motion, the defendant cited to the divided panel decision in *Gun Owners*. *See Gun Owners of America* v. *Garland*, 992 F.3d 446 (6th Cir. 2021) ("*Gun Owners* II"). That decision has since been vacated.

Congress outlawed the possession of machineguns through Title 18, United States Code, Section 922(o). Congress defines a machinegun as "any weapon which shoots, is designed to

shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). Congress authorized the Attorney General of the United States to administer and enforce federal law around firearms, including promulgating rules and regulations necessary to carry out those laws. *Gun Owners of America* v. *Barr*, 363 F. Supp. 3d 823, 827-28 (W.D. Mich. 2019) (*"Gun Owners* I") (citing 26 U.S.C. § 7801(2)(A)(i) and 18 U.S.C. § 926(a)). The Attorney General has delegated its authority to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). *Id*. at 828. In 2018, pursuant to this authority, ATF issued a Final Rule amending the regulations to include bump stocks within this statutory definition of "machinegun." Department of Justice, "Bump-Stock-Type Devices," 83 FR 66514-01, 2018 WL 6738526 (Dec. 26, 2018). Under this Rule, individuals with a bump stock after March 26, 2019 could be charged with unlawful possession of a machinegun. *Gun Owners* I, 363 F. Supp. 3d at 825.

Upon issuing this Final Rule, the Gun Owners of America group filed a lawsuit challenging the Rule and moved for a preliminary injunction based on their asserted likelihood of success with their suit. *Id.* at 825-26. In denying the motion for the preliminary injunction, the district court concluded that ATF's interpretation of "machinegun" was to be afforded deference and the plaintiffs had not demonstrated a likelihood of success on the merits. *Id*. at 833-34.

On appeal, a divided panel of the Sixth Circuit reversed the district court. *Gun Owners* II, 992 F.3d at 446. The majority found that ATF was not entitled to deference on its interpretation of criminal statutes, and a bump stock did not fall within the statutory definition of machinegun because it did not cause a firearm to fire more than one shot by a single function of the trigger. *Id*. at 468, 473.

The Sixth Circuit granted the petition for rehearing *en banc*. *See Gun Owners of America, Inc.* v. *Garland*, 2 F.4th 576 (6th Cir. 2021). While that decision was pending, the defendant filed

2

his motion to dismiss Count Two, arguing that the modified 9mm Luger caliber firearm found in the defendant's heating vent did not qualify as a machinegun under the statute.

The Sixth Circuit has since issued its decision, in which an 8-8 divided court rejected the panel's conclusions and affirmed the district court. *Gun Owners of America, Inc.* v. *Garland*, 19 F.4th 890, 896 (6th Cir. 2021) ("*Gun Owners* III"). The controlling opinion affirming the district court found that ATF's interpretation of a bump stock as a machinegun not only warranted deference, "but, in the absence of all deference, and simply as a matter of statutory interpretation, it also embodies the best reading of the statute." *Id*. at 909.

The Sixth Circuit's decision, appropriately, defined a machinegun pursuant to Congress's directive, as a "weapon which shoots . . . automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). They did not cabin the definition in the way the defendant demanded in his motion. In the defendant's view, the only definition of machinegun is found in a footnote in a Supreme Court opinion. *See Staples* v. *United States*, 511 U.S. 600, 602 n.1 (1994) ("As used here, the terms 'automatic' and 'fully automatic' refer to a weapon that fires repeatedly with a single pull of the trigger. That is, once its trigger is depressed, the weapon will automatically continue to fire until its trigger is released or the ammunition is exhausted. Such weapons are 'machineguns' within the meaning of the Act."). As explained in the Government's previous motion response, that definition describes a weapon that is sufficient to meet the statutory definition of machinegun, but not necessarily the only type of weapon that can be a machinegun. *Gun Owners* III establishes this, since a bump stock-equipped rifle—which is a machinegun—fires each bullet with a separate depression of the trigger (though it requires only a single pull of the trigger by the shooter's finger and uses recoil to depress the trigger repeatedly). *See Gun Owners* III, 19 F.4th at 905-06. That meets the statutory definition of a machinegun, as the Sixth Circuit found, but is broader than the footnote definition from *Staples* on which the defendant relies.

In this case, ATF conducted an inspection and repeated test fires of the 9mm Luger caliber firearm. ATF concluded that the firearm had "the rear rails removed" allowing "the slide [to] raise up during operation causing the firing pin not to engage the trigger bar cruciform." Dkt. 32, Exhibit 2 (ATF Firearms Report) at 3. This modification allowed the firearm "to function like a machinegun." *Id*. Indeed, during the test fires with Magtech ammunition, the firearm fired "two rounds automatically with a single function of the trigger but did not eject the second fired casing." *Id*.

This squarely fits within the statutory definition of machinegun, as it is a "weapon which shoots . . . automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). Under the plain text, the modified 9mm Luger caliber firearm is a machinegun, as ATF properly concluded. As noted by the Sixth Circuit, "ATF unquestionably has abundant experience and expertise in determining which devices constitute machineguns." *Gun Owners* III, 19 F.4th at 908. Their conclusion is correct and Count Two should stand.

## CONCLUSION

The Sixth Circuit's *en banc* decision in *Gun Owners* III supports the Government's motion in opposition to the dismissal of Count Two.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Megan Gaffney Painter*
Megan Gaffney Painter (NY 4849220)
Timothy S. Mangan (069287)
Assistant United States Attorneys
221 East Fourth Street
Suite 400
Cincinnati, OH 45202
(513) 684-3711

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Government's Supplemental Brief on En Banc Decision* has been electronically served via the Court's CM/ECF system this 6th day of January, 2022, upon counsel of record.

*s/Megan Gaffney Painter*
Megan Gaffney Painter (NY 4849220)
Assistant United States Attorney