UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:21CR085 |
| TRES GENCO, | : | Judge Dlott |
| Defendant. | : | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT 2 OF THE INDICTMENT

In the Court's Order of December 14, 2021, the Court directed the parties to file supplemental memoranda regarding the impact of the Sixth Circuit's *en banc* decision in Gun Owners of America, Inc. v. Garland 19 F.4th 890 (6th Cir. 2021)(*en banc*) on the merits of Mr. Genco's motion to dismiss count 2 of the indictment. Mr. Genco submits this memorandum in response to the Court's Order.

The government has taken the tenuous position in this case that a pistol that would fire just two shots is somehow "automatic," and therefore a "machinegun." This not only defies logic and any common sense understanding of what a machinegun is, but it flies in the face of the Supreme Court's unambiguous definition of the term "automatic" in reference to the machinegun statute. Staples v. United States, 511 U.S. 600, 602 n.1 (1994). As such, count 2 of the indictment - which charges Mr. Genco with possession of a two-shot "machinegun" - should be dismissed.

The *en banc* decision in Gun Owners has no impact on the merits of this issue. Gun Owners dealt with the discrete question of the meaning of the phrase "single function of the trigger," in reference to the operation of a bump stock. The *en banc* court divided evenly on this question, which had the legal effect of keeping the district court's ruling upholding the bump stock ban in

place. However, the district court's decision has no binding legal authority on this Court and, moreover, the Gun Owner case dealt with a distinctly different legal issue.

The only real connection between Gun Owners and the present case is that the Sixth Circuit's panel decision recited the Supreme Court's language from Staples in defining the term "automatically." Gun Owners of America, Inc. v. Garland, 992 F.3d 446, 472 (6th Cir. 2021). In fact, this reference by the Sixth Circuit to Staples was the only reason Mr. Genco cited Gun Owners in his motion at all. (See R. 28, Motion to Dismiss Count 2, pg. 2). However, the Sixth Circuit's reference to Staples had no bearing on its determination of the bump stock issue; rather, the Sixth Circuit was merely reiterating the binding Supreme Court precedent regarding the definition of the term "automatically." Id. at 472. Thus, Gun Owners has no precedential impact on Mr. Genco's case.

Regardless of the ultimate outcome of the Gun Owners litigation, the legal reality is that the Supreme Court in Staples already decided the same issue involved in Mr. Genco's case. In Staples, the defendant was convicted of unlawful possession of a machinegun as defined in 26 U.S.C. § 5845, the same statute involved in the present case. The Staples defendant argued in the Supreme Court that he could not be convicted of possessing a machinegun unless the government proved that he knew of the central feature of the firearm that made it a machinegun, namely that it fired "automatically." Staples, 511 U.S. at 602.

In analyzing this issue, the Supreme Court clearly defined the term "automatically" as used in the machinegun statute: "a weapon that fires repeatedly with a single pull of the trigger. That is, once its trigger is depressed, the weapon will **automatically continue to fire until its trigger is released or the ammunition is exhausted**. Such weapons are "machineguns" within the meaning of the Act." Id. at 602, n.1. (emphasis added). While the central holding of the case was that the

2

government must prove that a defendant **knows** that the firearm is "automatic," the definition of the term "automatic" was necessary to that holding. This unambiguous definition was not altered or affected in any way by the Gun Owners original panel decision nor the *en banc* split ruling. And contrary to the government's assertions, the Supreme Court's definition of "automatically" cannot be merely ignored, nor overridden by ATF's opinion.

As relevant to the present case, the government has conceded that the pistol described in count 2 of the indictment would not "automatically continue to fire until its trigger was released or the ammunition was exhausted." Rather, the gun at most would fire two shots and then stop. Based on the definition of an "automatic" weapon in Staples, and pure logic and common sense, this "two-shot machine gun" cannot legally qualify as an actual machinegun under 26 U.S.C. § 5845 as a matter of law.

For the above and foregoing reasons, Mr. Genco respectfully requests that the Court grant his motion to dismiss count 2 of the indictment.

Respectfully submitted,

DEBORAH WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Richard Monahan*
Richard Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 268-2453
Attorney for Defendant, Tres Genco

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Megan Gaffney Painter, Assistant United States Attorney, via Electronic Case Filing, on this day of 7th day of January, 2022.

*s/ Richard Monahan*